IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2017 AUG 18 P 3:31
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**MICHAEL SHANE WHEELES,**

**Plaintiff,**

**v.**

**FRUIT OF THE LOOM DIRECT, INC., d/b/a RUSSELL BRANDS, LLC,**

**Defendant.**

**CASE NO.** 3:17-cv-562-GMB

**JURY TRIAL REQUESTED**

## COMPLAINT

## I. JURISDICTION

1. Plaintiff Michael Shane Wheeles files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, to obtain equitable relief, the costs of suit, including reasonable attorneys fees, and damages suffered by the Plaintiff, due to the Defendant's violation of the FMLA.

## II. VENUE

2. Venue is proper in the Middle District of Alabama, Eastern Division, since the alleged discriminating actions of Defendant, and Defendant's interference with Plaintiff's FMLA rights, occurred in Tallapoosa County, Alabama.

## III. PARTIES

3. Plaintiff, Michael Shane Wheeles (hereinafter "Mr. Wheeles" or "Plaintiff"), is a citizen of the United States and over the age of nineteen (19). At all times relevant to this Complaint, Plaintiff was employed by Defendant Russell Brands, LLC.

4. Defendant, Fruit of the Loom Direct, Inc., d/b/a Russell Brands, LLC (hereinafter "Russell Brands" or "Defendant"), is located and does business within the United States Middle District, Eastern Division, including Tallapoosa County, Alabama.

## IV. FACTS

5. Mr. Wheeles began working for Russell Corporation, Inc., in Alexander City, Alabama, in the year 1993 as a graphic designer.

6. In or around the year 2003, Russell Corporation, Inc. sold its assets to Fruit of the Loom and Mr. Wheeles continued to work for the successor corporation, Russell Brands, LLC, providing high quality graphic design work his employer.

7. Beginning around the year 2011, Mr. Wheeles began to experience symptoms of Posttraumatic Stress Disorder ("PTSD"), depression, and anxiety. As a result, Mr. Wheeles was prescribed medication and entered into counseling.

8. Notwithstanding his health issues, Mr. Wheeles was able to perform the necessary functions and duties of his job, and produced a valuable work product for Russell Brands. Mr. Wheeles avers that his performance evaluations stated that he was "meeting expectations."

9. Since approximately the year 2013, Mr. Wheeles' depression caused him to take intermittent FMLA leave, to which he was entitled, and which was both approved and noticed by management. Most recently, on or about March 9, 2017, Russell Brands approved Mr. Wheeles for intermittent FMLA leave from March 11, 2017 through September 11, 2017. Mr. Wheeles' supervisor, Paul Fagan, was aware of Mr. Wheeles' designation.

10. On April 3, 2017 and April 4, 2017, Mr. Wheeles was absent from work on approved FMLA leave. Mr. Wheeles returned to work on April 5, 2017.

11. On April 7, 2017, as Mr. Wheeles was leaving his office for the day, he was asked by Graphic Design Supervisor Paul Fagan to go to the conference room. In the conference room, Human Resources Manager Russell Dewberry presented Mr. Wheeles with a severance agreement and, subjecting Mr. Wheeles to great psychological coercion and duress, told him (Wheeles) that he (Wheeles) had no choice but to sign the agreement immediately. In the meeting, Mr. Wheeles was told that Russell Brand's decision "had nothing to do with (his) performance."

12. Mr. Wheeles asked if he could review the agreement over the weekend, but Mr. Dewberry repeated that he (Wheeles) must sign the agreement that very day because the agreement was dated April 7, 2017. Under extreme mental duress, Mr. Wheeles was forced and/or coerced by Russell Brands' agents to sign the severance agreement and was immediately terminated from his employment with Russell Brands, or, in the alternative, subjected Mr. Wheeles to constructive discharge, constituting termination.

13. During the twenty-four (24) years he worked for Russell Brands and its predecessor, Mr. Wheeles performed an excellent quality of service as a graphic designer for the business. Mr. Wheeles never received any disciplinary write-ups and was a model employee.

14. Therefore, Mr. Wheeles avers that any other reason given by Russell Brands for his termination is pretextual, and that the actual reason for his termination is retaliation for Mr. Wheeles exercising his right to FMLA leave. As a result of this illegal

termination, Mr. Wheeles has suffered lost income needed to support himself and his family, suffered financially, and has acquired the cost of seeking an attorney.

15. In addition, Mr. Wheeles filed a charge of disability discrimination against Russell Brands with the Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on June 5, 2017. Upon receipt of a right to sue from the EEOC, Mr. Wheeles will amend his Complaint to incorporate this claim.

## V. PLAINTIFF'S CAUSES OF ACTION

## COUNT ONE - FMLA RETALIATION

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs one (1) through fifteen (15), inclusively.

17. Plaintiff avers that Defendant Russell Brands qualifies as an "employer," as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

18. Plaintiff avers that there was an "entitlement to leave," as that term is defined in the FMLA, 29 U.S.C. § 2612(1), due to (a) the immediate seriousness of Plaintiff's health condition, (b) that Plaintiff's employer knew Plaintiff had an entitlement to leave, and (c) Defendant had notice of Plaintiff's need to take FMLA leave.

19. Plaintiff avers that Defendant Russell Brands terminated him in retaliation for exercising his right to FMLA leave.

20. As a result of Defendant's denial of Plaintiff's entitlement to FMLA leave, Plaintiff has incurred a loss of wages and benefits from the date of Plaintiff's termination up to the present date.

21. Plaintiff further avers that he will lose income and thus incur more damages in the future.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Wheeles respectfully prays that this Court grant her the following relief:

a) Judgment declaring that Defendant retaliated against Plaintiff's for exercising his rights to FMLA leave;

b) An injunction reinstating Plaintiff to his position before the termination;

c) An award of compensatory damages for lost pay and lost benefits, as well as front pay damages to which Plaintiff may be entitled;

d) An award of liquidated damages equal to the amount of Plaintiff's back pay and front pay;

e) An award of all court costs and reasonable attorneys' fees; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

**COUNT TWO - FMLA INTERFERENCE**

22. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs one (1) through fifteen (15), inclusively.

23. Plaintiff avers that Defendant Russell Brands qualifies as an "employer," as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

24. Plaintiff avers that there was an "entitlement to leave," as that term is defined in the FMLA, 29 U.S.C. § 2612(1), due to (a) the immediate seriousness of

Plaintiff's health condition, (b) that Plaintiff's employer knew Plaintiff had an entitlement to leave, and (c) Defendant had notice of Plaintiff's need to take FMLA leave.

25. Plaintiff avers that he was granted intermittent FMLA leave, and that Defendant Russell Brands interfered with his right to take future FMLA leave by terminating his employment.

26. As a result of Defendant's interference with Plaintiff's entitlement to FMLA leave, Plaintiff has incurred a loss of wages and benefits from the date of Plaintiff's termination up to the present date.

27. Plaintiff further avers that he will lose income and thus incur more damages in the future.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Wheeles respectfully prays that this Court grant her the following relief:

a) Judgment declaring that Defendant interfered with Plaintiff's rights to FMLA leave;

b) An injunction reinstating Plaintiff to his position before the termination;

c) An award of compensatory damages for lost pay and lost benefits, as well as front pay damages to which Plaintiff may be entitled;

d) An award of liquidated damages equal to the amount of Plaintiff's back pay and front pay;

e) An award of all court costs and reasonable attorneys' fees; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 18th day of August, 2017.

Michael Shane Wheeles, Plaintiff.

Julian L. McPhillips, Jr. (ASB-3744-L74J)
Counsel for Plaintiff

Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 S. Perry St.
Montgomery, Alabama 36104
Tel: (334) 262-1911
Fax: (334) 263-2321
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

**JURY DEMAND**

A jury trial is requested on all issues so triable.

OF COUNSEL